```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X

REGGIE EDWARDS,

                Petitioner,

     -against-                              02 Civ. 6253(KMW)
                                            ORDER
L.A. PORTUONDO,

                Respondent.

-------------------------------------X
```

WOOD, U.S.D.J.:

## I.  Introduction

Petitioner Reggie Edwards ("Petitioner") files the instant petition for a writ of habeas corpus (the "Petition"), pursuant to 28 U.S.C. § 2254, challenging his state court conviction of Murder in the Second Degree and Criminal Possession of a Weapon in the Second Degree.  Petitioner claims (1) that his Fourth Amendment right against illegal searches and seizures was violated; (2) that he was denied due process of law by the prosecutor's failure to disclose Rosario material; (3) that the evidence presented to the grand jury was legally insufficient to support an indictment against him; (4) that the prosecutor's comments during summation violated Petitioner's due process right to a fair trial; and (5) that Petitioner was denied effective assistance of trial counsel.

By a Report and Recommendation dated May 16, 2005 (the

"Report"), familiarity with which is assumed, Magistrate Judge Theodore H. Katz concluded that Petitioner is not entitled to habeas corpus relief, and recommended that the Court dismiss the Petition with prejudice. Petitioner submitted timely objections to the Report (the "Objections").

The Court has carefully considered Plaintiff's Objections and conducted a de novo review of "any portion of the magistrate judge's disposition to which specific written objection has been made." Fed. R. Civ. P. 72(b); see 28 U.S.C. § 636(b)(1).[1] For the reasons set forth below, the Court adopts the Report in its entirety.

## II. Discussion

The Court finds the Report to be admirably thorough and well-reasoned. Furthermore, the Court finds that Petitioner fails to raise any objections that the Report did not already address in an adequate manner.

(a) Fourth Amendment Claim

First, Petitioner reasserts his Fourth Amendment claim, challenging his identification and arrest on the ground that the identifying witness, Jermaine Brown, did not see the alleged shooting. Objections, at 2-3. This objection is unavailing,

---

[1] The uncontested portions of the Report may be adopted unless they show clear error. Thomas v. Arn, 474 U.S. 140, 149 (1985); Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989).

because as Judge Katz explained in the Report, Petitioner's Fourth Amendment claim is (1) procedurally defaulted and (2) non-cognizable in a habeas corpus proceeding. Report, at 12-18.

(b)  Rosario Claim

Second, Petitioner reasserts his Rosario claim, alleging that the prosecutor wrongfully withheld the subject matter of prosecution witness Cisero Murphy's testimony. Objections, at 3. The Court adopts the Report's finding that this Rosario claim is "unexhausted, wholly speculative and does not present a question cognizable by this Court on habeas review." Report, at 21.

(c) Grand Jury Claim

Third, Petitioner reasserts his claim that the evidence presented to the grand jury was insufficient to indict, and inconsistent with the evidence presented at trial. Objections, at 4-5. As Judge Katz explained in the Report, this claim must be denied not only because it is procedurally defaulted, but also because "claims of errors in a state grand jury proceeding...are not cognizable on federal habeas corpus review, where a petitioner is convicted by a jury after trial." Report, at 24-25.

(d)  Ineffective Assistance of Counsel Claims

Finally, Petitioner reasserts his ineffective assistance of counsel claims, alleging that all these claims "were raised and appealed to the state's highest court." Objections, at 5.

The Report clearly explains why all of Petitioner's ineffective assistance of counsel claims are (1) procedurally forfeited because they were not raised on direct appeal, (2) unexhausted because they were never presented to the state trial or appeal court, or (3) fail to establish that the attorney's conduct fell below an objectively reasonable standard and prejudiced the outcome of the trial. Report, at 35-40; see also New York Supreme Court Decision and Order re: Petitioner's § 440.10 motion, dated July 10, 2002, in Respondent's Answer, Ex. 1 (denying four ineffective assistance claims because "there is no merit to any of the defendant's assertions" and "all the issues raised appear on the trial record and none were presented in the defendant's appeal from the judgment of conviction").

## III. Conclusion

Petitioner has failed to raise any meritorious objections to Judge Katz's thorough and well-reasoned Report. Thus, the Court adopts the Report and denies the Petition with prejudice.

Petitioner has not made a substantial showing of a denial of a constitutional right, so a certificate of appealability will not issue. See 28 U.S.C. § 2253(c); Lucidore v. N.Y. State Div. of Parole, 209 F. 3d 107, 112 (2d Cir. 2000). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith. See Coppedge

v. United States, 329 U.S. 438, 445-46 (1962).

The Clerk of the Court is directed to close this case. Any pending motions are moot.

       SO ORDERED.

Dated:    New York, New York
           September 21, 2005

                                              Kimba M. Wood
                                       United States District Judge